**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CASE NO:

DENNIS JOHNSTON, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

NORTH FLORIDA REFORESTATION SERVICES, INC., a Florida Profit Corporation and ROBERTS SITE DEVELOPMENT, INC., a Florida Profit Corporation

    Defendants

_____/

## COLLECTIVE ACTION COMPLAINT

Plaintiff DENNIS JOHNSTON,("Plaintiff") on behalf of himself and all others similarly situated, by and through his undersigned counsel, brings this collective action under the Fair Labor Standards Act ("FLSA") against NORTH FLORIDA REFORESTATION SERVICES, INC("NFRS" or "Defendant") and ROBERTS SITE DEVELOPMENT, INC("Roberts" or "Defendant")(collectively, "Defendants") as joint employers, for unpaid overtime compensation and hereby states as follows:

### INTRODUCTION

1. This is an action to recover unpaid overtime wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA").

1

2. Plaintiff seeks class-wide relief on behalf of himself, and all other similarly situated employees, who were subjected to Defendants' common and illegal pay practices and policies of failing to pay their employees proper overtime compensation for hours worked over forty (40) per workweek.

3. Plaintiff seeks conditional certification of the following class:

> All hourly paid laborers who worked for Defendants during the relevant limitations period who were not paid full and proper overtime compensation for hours worked over forty (40) per workweek.

4. Defendants have a policy and practice of paying non-exempt hourly paid laborers like Plaintiff "straight time" for all overtime hours worked in a workweek, in lieu of the federally mandated time and one-half rate for all overtime hours worked.

5. Defendants apply this policy and practice uniformly and has done so for the entire limitations period (and longer) under the FLSA.

6. This lawsuit is brought as a collective action under the FLSA to recover unpaid overtime compensation owed to Plaintiff and other similarly situated employees.

7. Plaintiff will seek conditional certification and notice to an opt-in class of hourly paid laborers pursuant to the FLSA, 29 U.S.C. § 216(b), who were employed by Defendants during the three-year period preceding the filing of this action (hereinafter, "Relevant Liability Period").

## JURISDICTION AND VENUE

8. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

9. Venue in the Middle District of Florida is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendants provide services in this District and is thus considered a resident of this District. Further, a significant portion of the events giving rise to the claim alleged herein occurred within this District.

10. At all times pertinent to this Complaint, Defendant, NFRS either individually, or jointly, was an enterprise engaged in interstate commerce.

11. At all times pertinent to this Complaint, Defendant, Roberts either individually, or jointly, was an enterprise engaged in interstate commerce.

12. At all times pertinent to this Complaint, Defendant NFRS regularly owned and operated a business engaged in commerce either individually, or jointly, or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

13. At all times pertinent to this Complaint, Defendant, Roberts regularly owned and operated a business engaged in commerce either individually, or jointly, or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

14. Defendants operate site development preparation companies, which excavates land to clear the way to build, for example, highways and buildings. Plaintiff's work, and the

work of the purported class members, involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce.

15. Based upon information and belief, the gross revenue of Defendants, individually and/or jointly, was in excess of $500,000.00 *per annum* during all times relevant.

16. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Middle District of Florida.

17. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Middle District of Florida.

18. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida; and

   b. Defendants were and continue to be a corporation and individuals doing business within this judicial district.

## **PARTIES**

19. At all times material hereto, Plaintiff, was and continues to be a resident of Colombia County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

20. Plaintiff is an adult resident of Florida and was employed by Defendants as a non-exempt hourly paid laborer from January 2013, through May 2020.

21. Plaintiff filed his Consent to Become Party Plaintiff in this action. *See* attached as *Exhibit A*.

22. During the Relevant Liability Period, Plaintiff was a covered employee within the meaning of the FLSA.

23. At all times material hereto, Defendant, NFRS, was conducting business in Lake Butler, Union County, Florida, with its principal place of business in that city.

24. At all times material hereto, Defendant, NFRS, was conducting business in Lake Butler, Union County, Florida, with its principal place of business in that city.

25. At all times material hereto, Defendant, Roberts, was conducting business in Lake Butler, Union County, Florida, with its principal place of business in that city.

26. At all times material hereto, Defendants, NFRS and Roberts were the joint employers of Plaintiff and the purported class members he seeks to represent.

27. At all times material hereto, Defendants were and continue to be joint "employer[s]" within the meaning of the FLSA.

28. At all times material hereto, Defendants knowingly and willfully failed to pay Plaintiff, and all similarly situated class members his/their lawfully earned overtime wages in conformance with the FLSA.

29. Defendants committed a willful and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

30. At all times material hereto, Defendants were, and continue to be, "enterprises engaged in commerce" within the meaning of the FLSA.

31. At all times material hereto, the work performed by Plaintiff, and the purported class members, was directly essential to the business performed by Defendants.

32. Plaintiff fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

33. Defendants operate site development preparation companies, which excavates land to clear the way to build, for example, highways and buildings in Lake Butler, Florida.

34. At any given time, Defendants employ between sixty (60) to seventy (70) laborers like Plaintiff.

35. During the relevant time, Defendants employed between 100 – 175 laborers like Plaintiff.

36. Defendants' non-exempt, hourly paid laborers like Plaintiff, are the backbone of the company bringing and maintaining Defendants' services to the public.

37. Defendants have employed Plaintiff and similarly situated employees as non-exempt hourly paid laborers, or in equivalent positions with similar job duties, however titled, throughout Florida.

38. Plaintiff, and those similarly situated, are not exempt from the overtime provisions of the FLSA and are paid on an hourly basis.

39. Defendants have, and continue to fail to, pay Plaintiff and the putative class proper overtime compensation, by illegally paying "straight time" pay for overtime hours

worked, rather than the legally mandated time and one half rate they are due for overtime hours.

40. Additionally, Defendants have, and continue to fail to, pay Plaintiff and the putative class proper overtime for the time spent working in both Defendants locations as well as driving from jobsites to Defendants' office/property each day, which Defendants required.

41. Finally, Defendants have, and continues to fail to, pay Plaintiff and the putative class proper overtime compensation, by failing to pay Plaintiff and the putative class for the time spent cleaning Defendants' machinery and/or vehicles once they arrive to Defendants' office/property each day, which Defendants required.

42. In sum, Plaintiff and the putative class routinely worked over forty hours in a work week, but were not paid full and proper overtime wages for all of that work, as required by the FLSA.

43. Defendants' policy of wrongfully denying Plaintiff, and the putative class' hours of overtime work is companywide.

44. Defendants knew, and has known, that Plaintiff and all similarly employees perform work without full and proper compensation and has chosen to deny them overtime compensation for performing this work in willful disregard of their rights under the FLSA.

45. Plaintiff has retained Richard Celler Legal, P.A. to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

## COLLECTIVE ACTION ALLEGATIONS

46. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 45, above.

47. Plaintiff brings Count I as an opt-in collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following:

> All persons employed as hourly paid laborers for Defendants for the past three years (plus any applicable tolling) who were paid "straight time" for overtime hours worked.

48. The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

49. Plaintiff, individually and on behalf of other similarly-situated employees, seeks relief on a collective basis challenging, among other FLSA violations, Defendants' policies and practices of failing to pay full and proper overtime compensation.

50. The number and identity of other Plaintiffs yet to opt-in and consent to be party Plaintiffs may be determined from the records of Defendant, and potential class members may easily and quickly be notified of the pendency of this action.

## COUNT I

### FAILURE TO PAY OVERTIME COMPENSATION TO HOURLY PAID LABORERS IN VIOLATION OF THE FLSA DURING THE FLSA RELEVANT LIABILITY PERIOD

51. Plaintiff re-alleges and incorporates by reference the preceding paragraphs 1 through 50 with respect to all non-exempt hourly paid laborers.

52. During the FLSA Relevant Liability Period, Defendant failed to fully compensate non-exempt hourly paid laborers for all overtime hours worked for Defendants in excess of forty (40) per week as required by Section 207 of the FLSA.

53. All non-exempt hourly paid laborers were victims of an illegal policy and plan by Defendants to deny them full and proper overtime compensation required by the FLSA.

54. Defendants' failure to pay non-exempt hourly paid laborers in accordance with the requirements of Section 207 of the FLSA was in willful disregard of the overtime wage compensation requirements of the FLSA.

55. Prior to the filing of this lawsuit, Defendants did not consult with the DOL to ascertain whether its pay practices regarding Plaintiff and the putative class were in compliance with the FLSA.

56. Prior to the filing of this lawsuit, Defendants did not consult with counsel to ascertain whether its pay practices regarding Plaintiff and the putative class were in compliance with the FLSA.

57. Prior to the filing of this lawsuit, Defendants did not consult with an accountant to ascertain whether its pay practices regarding Plaintiff and the putative class were in compliance with the FLSA.

58. Based on the allegations above, Defendants did not have a subjective or objective good faith basis for its illegal pay practices, and liquidated damages are warranted in this action against Defendants.

59. Plaintiff, on behalf of himself and other non-exempt hourly paid laborers seeks unpaid overtime compensation in an amount to be determined, as well as an equal amount of liquidated damages (or pre-judgment interest in the event liquidated damages are denied), post-judgment interest, and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, individually and on behalf of all non-exempt hourly paid laborers, demands judgment against Defendants and prays this Court:

   a. Issue notice to all non-exempt hourly paid laborers who were employed by Defendants at any time during the Relevant Liability Period, informing them of their right to file consents to join this action;

   b. Declare Defendants' policy of failing to pay non-exempt hourly paid laborers full and proper overtime pay illegal under the FLSA;

   c. Find that Defendants' violation of the FLSA was willful and impose a three- year statute of limitations period for FLSA claims;

   d. Award Plaintiff and all non-exempt hourly paid laborers unpaid overtime compensation;

   e. Award all non-exempt hourly paid laborers an amount equal to unpaid overtime compensation as liquidated damages under 29 U.S.C. § 216(b);

   f. Award all non-exempt hourly paid laborers pre-judgment interest if liquidated damages are not awarded;

   g. Award all non-exempt hourly paid laborers post-judgment interest as provided by law;

   h. Award all non-exempt hourly paid laborers reasonable attorneys' fees and costs as mandated by Section 216(b) of the FLSA; and

   i. Award all non-exempt hourly paid laborers such other relief as the Court deems fair and equitable.

## JURY DEMAND

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

  Dated this 1st day of June, 2020.

             Respectfully submitted,

             ***/s Noah E. Storch***
             Noah E. Storch, Esq.
             Florida Bar No. 0085476
             RICHARD CELLER LEGAL, P.A.
             10368 West State Road 84, Suite 103
             Davie, Florida 33324
             Telephone: (866) 344-9243
             Facsimile: (954) 337-2771
             E-mail:
             **noah@floridaovertimelawyer.com**

             *Trial Counsel for Plaintiff*

# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO:

DENNIS JOHNSTON, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

NORTH FLORIDA REFORESTATION SERVICES, INC., a Florida Profit Corporation and ROBERTS SITE DEVELOPMENT, INC., a Florida Profit Corporation

    Defendants

_____/

## CONSENT TO BECOME PARTY PLAINTIFF

I, DENNIS JOHNSTON, consent to become the party plaintiff in the above-styled Lawsuit.

Dated this __29__ day of May, 2020

Signature: _____

Print: _Dennis Johnston_