UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO: 3:20-cv-539-J-34MMH

**DENNIS JOHNSTON, on behalf of himself
and all others similarly situated,**

**Plaintiff,**

**v.**

**NORTH FLORIDA REFORESTATION
SERVICES, INC., a Florida Profit Corporation
and ROBERTS SITE DEVELOPMENT, INC.,
a Florida Profit Corporation,
Defendants.**
_____/

JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT
AND STIPULATION OF DISMISSAL WITH PREJUDICE

Plaintiff DENNIS JOHNSTON, on behalf of himself and all others similarly situated ("Plaintiff") and Defendants NORTH FLORIDA REFORESTATION SERVICES, INC. and ROBERTS SITE DEVELOPMENT ("Defendants") (collectively, the "Parties") file this Joint Motion to approve the Parties' settlement and stipulation to dismissal of the above case with prejudice. As grounds, the Parties state:

I. INTRODUCTION

Plaintiff initiated the above-styled case by filing the instant case alleging the failure to pay appropriate compensation in violation of the Fair Labor Standards Act

1

of 1938, 29 U.S.C. §§ 201-219 ("FLSA"). *See* ECF No. 1. Specifically, Plaintiff sought class-wide relief on behalf of himself, and all other similarly situated employees, who were subjected to Defendants' common and illegal pay practices and policies of failing to pay their employees proper overtime compensation for hours worked over forty (40) per workweek. In addition to Plaintiff, David Silcox, Larry Nash, and Jason Brooks opted to join the instant case.

Defendants denied the allegations of Plaintiff and opposed conditional certification. Defendants assert that Plaintiff and all opt-in plaintiffs were properly compensated, and, further, that there are exemptions applicable which do not permit the recovery of overtime compensation.

As such, Defendants' position regarding the valuation of Plaintiff's claim is that Plaintiff and all opt-in plaintiffs were properly compensated and, therefore, no additional money is owed.

In the instant case, Plaintiff is receiving a total of $21,000.00, with $10,500.00 being paid as wages, with an additional $10,500.00 being paid as liquidated damages.

David Silcox is receiving a total of $11,000.00, with $5,500.00 being paid as wages, with an additional $5,5000.00 being paid as liquidated damages.

Jason Nash is receiving a total of $7,000.00, with $3,500.00 being paid as wages, with an additional $3,5000.00 being paid as liquidated damages.

Larry Brooks is receiving a total of $7,000.00, with $3,500.00 being paid as wages, with an additional $3,500.00 being paid as liquidated damages.

Notwithstanding their disagreements, the Parties understand and agree that litigating the issues in this case would be expensive, time consuming, and create much uncertainty for the Parties. Therefore, the Parties engaged in settlement discussions at several points, and continued those discussions as litigation was ongoing. The Parties engaged in written discovery and depositions commenced as well. The parties attended a mediation which was unsuccessful but continued settlement discussions.

Since then, the Parties have entered into a FLSA Settlement Agreement, Waiver, and Release (the "Agreement") for the Plaintiff and each Opt-In Plaintiff, with mutually acceptable language drafted and reviewed by the Parties' respective counsel. Fully executed copies of the Agreements are attached hereto for the Court's consideration.

There is no other agreement between the Parties, other than the FLSA Settlement Agreement, Waiver, and Release which has been attached for the Court's review.

Regarding the Agreement, the Parties and their respective counsel agree that the Agreement represents a fair and full resolution of the FLSA claims brought in this lawsuit. The Parties further believe and agree that the payments to be made to Plaintiff under the Agreement represent fair, reasonable consideration for settlement of Plaintiff's/Opt-In Plaintiffs' FLSA claims against Defendants and the other obligations Plaintiff/Opt-In Plaintiffs assume under the Agreement.

Moreover, Plaintiffs' attorney's fees and costs were negotiated separately and without regard to the amounts to be paid to Plaintiff and Opt-In Plaintiffs in settlement

of her FLSA claim. As such, Plaintiff's recovery has not been adversely affected by the amount of fees and costs to be paid to her attorneys under the Agreement. Accordingly, the Parties respectfully request the Court approve their negotiated Agreement and stipulated dismissal of this case with prejudice.

## II. MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION

The FLSA requires employers to pay employees minimum wages and overtime compensation, where applicable, unless an exemption applies. *See* 29 U.S.C. §§ 201, *et seq.* Where an employee files a claim under the FLSA for alleged unpaid wages, there are currently two ways in which contested claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the Secretary of Labor supervises the payment of unpaid wages by the employer to the employee. *See* 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release his or her FLSA claims if the parties present the district court with terms of a proposed settlement and the court enters an Order approving the resolution. *Id.*

In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the U.S. Court of Appeals for the Eleventh Circuit has stated:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit

4

> a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

The circumstances here are such that the Court may allow the Plaintiff and Opt-In Plaintiffs to settle and release their FLSA claims against Defendants. The proposed settlement arises in an adversarial context, with litigation ongoing and the Parties represented by competent counsel throughout the action. Additionally, the FLSA claims asserted against Defendants involve disputes concerning entitlement to alleged unpaid wages, the computation of alleged unpaid wages and alleged damages. The Parties agree that the amounts of the settlement, along with the various covenants contained within the Agreement, are fair in light of the Parties' contentions, and the Parties have voluntarily agreed to the terms of the Agreement. The Parties assert that the settlement represents a reasonable compromise of the disputed issues between them and should be approved by the Court.

WHEREFORE, the Parties hereby stipulate pursuant to Fed. R. Civ. P. 41(a) to dismissal of this case in its entirety with prejudice, and the Parties respectfully request that this Court enter an Order approving the Parties' Agreement and dismissing the case in its entirety with prejudice.

## RULE 3.01(g) CERTIFICATION

The undersigned certify that they have conferred in good faith concerning the issues raised in this Joint Motion and represent that the Parties consent to the relief sought herein.

Respectfully submitted this 22nd day of November 2021.

/s/ Noah E. Storch
Noah E. Storch, Esq.
Florida Bar No.: 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. State Road 84, Suite 103
Davie, FL 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
noah@floridaovertimelawyer.com

*Counsel for Plaintiff/Opt-In Plaintiffs*

/s/Andrew J. Decker, IV
Andrew J. Decker, IV
Florida Bar No. 012745
The Decker Law Firm, P.A.
261 North Marion Avenue
Lake City, FL 32055
TEL: (386) 487-5466
andrewjdecker@thedeckerlawfirm.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this this 22nd day of November, 2021, a true and correct copy of the foregoing has been filed using CM/ECF which will send a copy of same to all counsel of record.

/s/ Andrew J. Decker, IV
Andrew J. Decker, IV